**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHAUNTAE ROBERTSON,** | |
| **Petitioner,** | |
| | **Case No. 25-cv-00249-SPM** |
| **v.** | |
| **ANTHONY WILLS,** | |
| **Respondent.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Petitioner Shauntae Robertson, an individual currently in custody of the Illinois Department of Corrections at Menard Correctional Center, commenced this action by filing with the Court a Petition for Writ of Mandamus. The case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

### THE PETITION FOR WRIT OF MANDAMUS

In the Petition, Roberston asserts that he is currently serving a segregation sentence for the offense of "assault with injury" that occurred on August 6, 2024. (Doc. 1, p. 1, 8-9).[1] He claims that he was found guilty and sentenced twice by the Adjustment Committee, once on August 13,

---

[1] The Court notes that Robertson is currently prosecuting claims pursuant to Section 1983 relating to the alleged staff assault at Western Illinois Correctional Center on August 6, 2024, and the subsequent disciplinary action and placement in segregation in Case No. 25-cv-00172-SPM (S.D. Ill.).

2024, and then again on August 20, 2024, for the same offense and incident, which resulted in a total sanction of two years in segregation, 6 months of C-grade status, and 1 year of contact visit restrictions. (*Id.* at p. 1-2). Robertson claims that his sentence violates the Illinois Constitution provisions prohibiting self-incrimination and double jeopardy. (*Id.* at p. 3). He asserts that he has the right to be released from segregation "for double jeopardy, violation of equal protection, and due process of the law." (*Id.* at p. 4). Robertson also claims that he will suffer irreparable damages and be subjected to cruel and unusual punishment unless the Court grants his petition. Robertson seeks the Court to compel Defendant Wills to release him from unlawful restraint. (*Id.*).

**ANALYSIS**

Two different federal statutes govern writs of mandamus, and Robertson has cited neither in the Petition. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, the Court has no authority to grant mandamus relief against a state official. *See Leuvano v. State Bar of Tex.*, No.  11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials."). Under Section 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Robertson is seeking relief from Warden Wills, an employee of the Illinois Department of Corrections, not a federal official.

Section 1651 is also not an applicable statute in this case, as it does not vest the Court with jurisdiction to issue writs of mandamus against state officials. The statute only allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). *See also Davis v. Spoden,* No. 09-cv-002-bbc, 2009 WL 483180 (W.D. Wisc. Feb. 25, 2009) (the statute does not "increase the scope of federal jurisdiction, which is lacking in this case." (citing *In re*

Page 2 of 3

*Campbell,* 264 F. 3d 730, 731 (7th Cir .2001))). Thus, this Court lacks jurisdiction to issue a writ of mandamus on Robertson's behalf against the respondent, Warden Wills, and his petition is **DISMISSED without prejudice**. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

### DISPOSITION

For the reasons stated above, the Petition for Writ of Mandamus and this entire case are **DISMISSED without prejudice** for lack of federal jurisdiction.

The Clerk of Court is directed to **CLOSE** this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   September 25, 2025**

 s/Stephen P. McGlynn
**STEPHEN P. MCGLYNN**
**United States District Judge**